UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ANDRES GARCIA MIRANDA, | CASE NO. 2:26-cv-00906-JNW |
| Petitioner, | ORDER GRANTING PETITION FOR HABEAS CORPUS |
| v. | |
| JULIO HERNANDEZ et al., | |
| Respondents. | |

This matter comes before the Court on Petitioner Andres Armando Garcia Miranda's petition for a writ of habeas corpus. Dkt. No. 1. Garcia Miranda challenges his bond denial and continued detention in immigration custody, arguing that the Immigration Judge's ("IJ") bond denial was constitutionally deficient. The Court GRANTS the petition for the reasons stated below.

## 1.  BACKGROUND

On January 28, 2026, the Honorable Tiffany M. Cartwright found that Garcia Miranda was subject to discretionary detention under 8 U.S.C § 1226(a) and ordered Respondents to provide him with a bond hearing within fourteen days upon his request for a hearing. *Miranda v. Hermosillo*, No. 2:26-cv-00266-TMC, 2026 WL

227667, at *1 (W.D. Wash. Jan. 28, 2026). On February 12, 2026, the IJ denied Garcia Miranda's bond, finding that he posed a flight risk and danger to the community based on his immigration history, inconsistent aliases and birthdates in his records, and criminal history. Dkt. No. 2-3. Garcia Miranda appealed to the Board of Immigration Appeals ("BIA") on February 25, 2026. Dkt. No. 8 ¶ 10. The appeal remains pending. *Id.*

Garcia Miranda is a 45-year-old citizen of Guatemala, who entered the country as a minor in 1998, fleeing domestic violence. Dkt. No. 2-1 at 3. He was determined to be inadmissible and granted voluntary departure in January 1999. Dkt. No. 8 ¶ 3. His immigration records from 1999 show his name as "Armando Godines-Miranda" and list an incorrect birth date. Dkt. No. 2-2 at 3. Garcia Miranda contends that he has always gone by the name "Garcia Miranda," and never "Godines-Miranda," and he explains that he did not know his birth date when he entered the country as a minor with no identification. Dkt. No. 2-1 at 17. After departing the United States in February 1999, Garcia Miranda reentered the country at some point and has resided here ever since. *Id.* On November 24, 2025, Garcia Miranda was taken into ICE custody without notice or a stated reason for his detention. *Id.* Prior to his detention, he was living with his family—his wife and American citizen children—in Oregon. *Id.* at 4. He is a small business owner, with longstanding family and community ties to the United States. *Id.*

Garcia Miranda's criminal history consists of a 2004 arrest for disturbing the peace in Louisiana and a 2007 arrest for harassment in Oregon. *Id.* at 5. There is no

disposition on record for the 2004 arrest, and the 2007 arrest was dismissed. *Id*. He has had no contact with the criminal justice system since 2007. *Id*.

## 2.  LEGAL STANDARD

Federal courts can grant writs of habeas corpus to any person held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Habeas corpus "entitles [a] prisoner to a meaningful opportunity to demonstrate that he is being held pursuant to 'the erroneous application or interpretation' of relevant law." *Boumediene v. Bush,* 553 U.S. 723, 779 (2008) (quoting *INS v. St. Cyr*, 533 U.S. 289, 302 (2001)). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody," and thus to warrant relief, a petitioner must demonstrate that his detention is unlawful. *Preiser v. Rodriguez,* 411 U.S. 475, 484 (1973). A district court's habeas jurisdiction extends to challenges to immigration-related detention. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *Demore v. Kim*, 538 U.S. 510, 517 (2003).

## 3.  DISCUSSION

### 3.1  The Court has jurisdiction to review Garcia Miranda's bond decision.

Federal courts have jurisdiction to review "bond hearing determinations for constitutional claims and legal error." *Singh v. Holder*, 638 F.3d 1196, 1200 (9th Cir. 2011); *see Kharis v. Sessions*, Case No. 18-cv-04800-JST, 2018 WL 5809432 *4 (N.D. Cal. Nov. 6, 2018) (collecting cases). "The application of a statutory legal standard . . . to an established set of facts is a quintessential mixed question of law and fact," which is reviewable by courts. *Wilkinson v. Garland,* 601 U.S. 209, 212

ORDER GRANTING PETITION FOR HABEAS CORPUS - 3

(2024). A bond denial due to community danger or flight risk is such a mixed question, subject to judicial review by federal courts under an abuse of discretion standard. *See Martinez v. Clark*, 124 F.4th 775, 783 (9th Cir. 2024).

To the extent Respondents contend that 8 U.S.C. § 1226(e) bars review, this Court disagrees. Garcia Miranda challenges whether the IJ provided him with a constitutionally adequate bond hearing—precisely the type of claim that § 1226(e) preserves for habeas review. *See id.* at 781–82. Dkt. No. 1 at 2.

**3.2    The Court waives the prudential exhaustion requirement.**

Respondents argue that Garcia Miranda must exhaust his administrative remedies before the BIA. In immigration habeas cases, administrative exhaustion is prudential, not jurisdictional. *See W.T.M. v. Bondi*, No. 25-cv-2428, 2026 WL 262583, at *2 (W.D. Wash. Jan. 30, 2026) (citing *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017)). Prudential exhaustion is favored when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Even when the *Puga* factors are met, the Court may waive prudential exhaustion if: (i) the administrative remedies are "inadequate or not efficacious," (ii) "pursuit of administrative remedies would be a futile gesture," (iii) "irreparable injury" might

result, or (iv) "the administrative proceedings would be void." *See Hernandez*, 872 F.3d at 988 (quoting *Laing v. Ashcroft*, 370 F.3d 994, 1000–01 (9th Cir. 2004)).

The *Puga* factors do not require exhaustion here. As to the first factor, Garcia Miranda raises a constitutional challenge to the adequacy of his bond hearing, a claim well suited for federal court review. *Singh*, 638 F.3d at 1203 n.3. Respondents argue that agency consideration is necessary because the BIA has "subject-matter expertise for individual immigration bond decisions." Dkt. No. 6 at 7. That may be true, but whether, as a matter of law, the facts can sustain a finding of flight risk or danger requires no agency expertise.

As to the second factor, this case raises discrete legal questions whose resolution will provide concrete guidance to the immigration court: whether decades-old immigration violations can support a flight risk finding in the face of overwhelming contrary equities, and whether decades-old arrests for minor offenses with no convictions can sustain a danger finding. Such guidance may reduce the need for future habeas petitions. *Rodriguez v. Bostock*, 779 F. Supp. 3d 1239, 1251 (W.D. Wash. 2025); *W.T.M.*, 2026 WL 262583, at *2.

As to the third factor, Respondents argue that the BIA can review evidentiary findings without the need for judicial review. When the issue is whether procedural due process was violated, the Court finds no reason to delay review in favor of allowing the BIA to possibly correct an error. *See Soriano v. Hernandez*, No. 2:26-cv-00900-DGE, 2026 WL 969764, at * 4 (W.D. Wash. Apr. 10, 2026).

Even if the *Puga* factors required exhaustion, the Court would waive the requirement because irreparable injury would result. Government data reflects an

ORDER GRANTING PETITION FOR HABEAS CORPUS - 5

average processing time of 204 days for BIA bond appeals. *Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1307 (W.D. Wash. 2025). Garcia Miranda has been detained since November 2025. He has a minor U.S. citizen daughter with significant medical needs who depends on his care, and he owns a business that requires his physical presence. Requiring him to wait six months *or more* for BIA review would inflict the kind of harm that the bond hearing was designed to prevent—that is, prolonged detention without meaningful process. *See W.T.M.*, 2026 WL 262583, at *3; *Vasquez Lopez v. Hernandez*, — F. Supp. 3d —, C26-0775 TSZ, 2026 WL 984151, at *2 (W.D. Wash. Apr. 13, 2026); *Escalante Perez v. Hernandez*, C26-0956 TSZ, 2026 WL 1004559, at *2 (W.D. Wash. Apr. 14, 2026).

Accordingly, the Court waives any exhaustion requirement.

### 3.3    The IJ's bond denial was an abuse of discretion.

Habeas courts review an IJ's bond determinations for abuse of discretion. *Martinez*, 124 F.4th at 784–785. The Court may determine whether the IJ applied the correct legal standard; it may not reweigh the evidence. *Id.* at 785 (citing *Konou v. Holder*, 750 F.3d 1120, 1127 (9th Cir. 2017)); *Garcia Ortiz v. Henkey*, No. 1:26-cv-00043-BLW, 2026 WL 948275, at *4 (D. Idaho Apr. 7, 2026) (in reviewing discretionary bond determinations, federal district courts are "not required to countenance a sham").

In making bond determinations, IJ's consider the *Guerra* factors:

> (1) whether the [noncitizen] has a fixed address in the United States;
> (2) the [noncitizen's] length of residence in the United States; (3) the
> [noncitizen's] family ties in the United States, and whether they may
> entitle the [noncitizen] to reside permanently in the United States in

ORDER GRANTING PETITION FOR HABEAS CORPUS - 6

the future; (4) the [noncitizen's] employment history; (5) the [noncitizen's] record of appearance in court; (6) the [noncitizen's] criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the [noncitizen's] history of immigration violations; (8) any attempts by the [noncitizen] to flee prosecution or otherwise escape from authorities; and (9) the [noncitizen's] manner of entry to the United States.

*In Re Guerra*, 24 I. & N. Dec. 37, 40 (BIA 2006). Numerous courts in this Circuit have found due process violations where IJ's abuse their discretion in bond determinations.[1]

Here, many of the *Guerra* factors strongly favor Garcia Miranda. He has almost three decades of continuous, stable residency in the United States, a fixed address in Oregon, stable employment, annual tax filings, strong professional and community ties, a wife and two U.S. citizen children—including a minor daughter with significant medical needs. Dkt. No. 2-3. There is no evidence that Garcia Miranda has a negative record of appearance in court or that he has attempted to flee prosecution or escape authorities. He has a pending application for Cancellation of Removal, giving him a strong incentive to appear for future proceedings. Dkt. No. 8 ¶¶ 8, 11.

---

[1] *See e.g.*, *W.T.M. v. Bondi*, No. 2:25-cv-02428-RAJ-BAT, 2026 WL 262583, at *3–4 (W.D. Wash. Jan. 30, 2026); *Soriano v. Hernandez*, 2026 WL 969764, at *4–6 (W.D. Wash. Apr. 10, 2026); *Zambrano-Vazquez v. Noem*, No. 26-cv-122-RSM, 2026 WL 657129, at *4 (W.D. Wash. Mar. 9, 2026); *Velasquez v. Bondi*, No. 26-cv-01759-GPC-DDL, 2026 WL 1042479, at *6–7 (S.D. Cal. Apr. 16, 2026); *Ortega-Rangel v. Sessions*, 313 F. Supp. 3d 993, 1004–05 (N.D. Cal. 2018); *Garcia v. Hyde*, 2025 WL 3466312, at *7–11 (D.R.I. Dec. 3, 2025); Garcia Ortiz, 2026 WL 948275, at *3–4.

ORDER GRANTING PETITION FOR HABEAS CORPUS - 7

Even so, the IJ denied bond, concluding that (1) Garcia Miranda did not meet his burden of proof and that (2) he posed a danger to the community and a flight risk based on his immigration history, inconsistent name and birth date in his 1999 immigration record, and criminal history. Dkt. No. 2-3 at 4. The parties do not address the first basis for Garcia Miranda's bond denial, regarding the burden of proof, so the Court does not reach that issue.

The IJ's flight risk finding cannot be sustained on this record. The IJ does not explain how Garcia Miranda's prior unlawful entry, an event that occurred almost three decades ago when he was still a minor, informs his flight risk *today,* nearly 30 years later, in the face of overwhelming evidence of his deep ties to his community and family. *See Soriano*, 2026 WL 969764, at *5 ("[c]oncluding that an unlawful entry from 25 years ago, without any criminal history or any history of failing to appear, automatically weighs in favor of finding flight risk lacks any objective rationale."). Moreover, the IJ's reliance on Garcia Miranda's lack of lawful status effectively equates unlawful status with being an automatic flight risk. But most individuals entitled to bond hearings under § 1226(a) lack lawful status, underscoring that this is not a valid basis for denying bond. As for the name discrepancy, Garcia Miranda provided a reasonable explanation—that he was a minor without identification—and was forthcoming with his correct name and birthdate at the time of his 2025 arrest, as reflected in the I-213. Dkt. No. 2-2 at 3. *See Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010) (for credibility determinations, an immigration judge should consider a petitioner's explanation for a perceived inconsistency).

ORDER GRANTING PETITION FOR HABEAS CORPUS - 8

Garcia Miranda's criminal history does not support bond denial either. The IJ found Garcia Miranda to be a danger based on a 2004 non-violent offense, for disturbing the peace, with no disposition on the record, Dkt. No. 2-1 at 5, and a 2007 arrest record for a misdemeanor offense that was later dismissed. *Id.* Although a noncitizen's criminal record is relevant in a bond assessment, "the recency and severity of the offenses must be considered." *Singh*, 638 F.3d at 1206. "'[E]vidence of criminal conduct grows less powerful as it becomes less current.'" *Aguirre-Urbina v. Wilcox*, C18-1743 TSZ, 2019 WL 2161644, at *1 (W.D. Wash. May 17, 2019) (citation omitted). And "not every criminal record would support a finding of dangerousness." *Singh*, 638 F.3d at 1206 (citing *Casas-Castrillon v. Dep't of Homeland Sec.*, 535 F.3d 942, 949 (9th Cir. 2008)). Two arrests for minor offenses from approximately two decades ago, followed by nearly twenty years of law-abiding conduct, cannot sustain a finding of dangerousness. The IJ's decision does not explain how these remote arrests outweigh the overwhelming evidence of Garcia Miranda's good character and community ties. *See Ortega-Rangel*, 313 F. Supp. 3d at 1004–05 (concluding IJ abused their discretion in denying bond based on pending criminal charge that, without more, did not serve as "probative and specific" evidence of criminal activity).

The IJ's bond denial does not rationally apply the governing legal standard and the facts and evidence here. The IJ's cited reasons for denying bond conflict with the record and do not stand on their own as a basis to deny bond, and they certainly do not outweigh the significant evidence in Garcia Miranda's favor. *See Franco-Rosendo v. Gonzales*, 454 F.3d 965, 966 (9th Cir. 2006) (finding that the BIA

abuses its discretion "when it fails to 'consider and address in its entirety the evidence submitted by petitioner'"). Simply acknowledging contrary evidence is not enough; the IJ must meaningfully engage with it. *See, e.g.*, *Miri v. Bondi,* No. 5:26-cv-00698-MEMF-MAR, 2026 WL 622302, at *8–9 (C.D. Cal. Mar. 5, 2026) (finding an abuse of discretion where an immigration judge did not explain the reasons for denying bond); *Vanessa Soto Gimenez, Petitioner, v. Julio Hernandez, et al., Respondents,* No. 2:26-cv-00966-GJL, 2026 WL 1156075, at * 8 (W.D. Wash. Apr. 29, 2026) (failure to engage with evidence and absence of articulated reasoning constitutes an abuse of discretion); *Garcia v. Hyde*, No. 25-cv-585-JJM-PAS, 2025 WL 3466312, at * 10 (D.R.I. Dec. 3, 2025) (abuse of discretion to disregard contrary evidence submitted by petitioner that his arrest warrant was inactive). No reasonable adjudicator could conclude on this record that Garcia Miranda poses a flight risk or a danger to the community. The IJ's decision was an abuse of discretion, and Garcia Miranda's continued detention violates due process.

### 3.4   The appropriate remedy is immediate release.

Having found that the IJ's decision to deny bond was an abuse of discretion, the Court must determine the appropriate remedy. "Federal courts have a fair amount of flexibility" in fashioning habeas relief. *Burnett v. Lampert*, 432 F.3d 996, 999 (9th Cir. 2005). Respondents urge the Court to deny release because Garcia Miranda's detention has not become indefinite under *Zadvydas*, 533 U.S. 678. Dkt No. 6 at 11–12. But Zadvydas addresses post-order detention under § 1231, not pre-order detention under § 1226(a). Where, as here, a noncitizen detained under §

ORDER GRANTING PETITION FOR HABEAS CORPUS - 10

1226(a) is found not to be a flight risk or danger to the community, there is no lawful basis for continued detention. *See Vasquez Lopez*, 2026 WL 984151, at \*4 (ordering immediate release where continued custody did not serve an immigration purpose after IJ abused their discretion in finding that petitioner posed a flight risk and danger to the community); *W.T.M.*, 2026 WL 262583, at \*5 (ordering immediate release due to process violations in bond hearing); *Soriano*, 2026 WL 969764, at \*6 (finding same). Accordingly, the Court orders Garcia Miranda's immediate release.

## 4. CONCLUSION

Accordingly, the Court ORDERS the following:

1. The Petition for a Writ of Habeas Corpus is GRANTED. Dkt. No. 1.

2. Respondents must release Petitioner from custody within TWENTY-FOUR (24) hours of this Order.

3. Respondents must file a status update within FORTY-EIGHT (48) hours of this Order, confirming that Petitioner has been released from custody.

4. Petitioner may not be re-detained without at least SEVEN (7) days' advance written notice and a pre-deprivation hearing before a neutral decisionmaker, unless probable cause exists for believing Petitioner has committed or is attempting to commit a criminal offense.

5. Any fee petition should be filed within the deadlines set by the Equal Access to Justice Act, 28 U.S.C. § 2412. See *Daley v. Ceja*, 158 F.4th 1152, 1162 (10th Cir. 2025) (the Equal Access to Justice Act authorizes the award of attorney's fees to petitioners who prevail against the government in immigration habeas actions).

ORDER GRANTING PETITION FOR HABEAS CORPUS - 11

Dated this 13th day of May, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING PETITION FOR HABEAS CORPUS - 12